```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PAUL DEL PRIORE,

                    Plaintiff,
                                          MEMORANDUM & ORDER
         -against-                        17-CV-5709(JS)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Hannalore Merritt, Esq.
                    Osterhout Berger Disability Law
                    521 Cedar Way, Suite 200
                    Oakmont, Pennsylvania 15139

For Defendant:      Prashant Tamaskar, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    271 Cadman Plaza East, 7th Floor
                    Brooklyn, New York 11201
```

SEYBERT, District Judge:

Plaintiff Paul Del Priore ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), challenging the Commissioner of Social Security's (the "Commissioner") denial of his application for Social Security Disability Insurance Benefits. (Compl., D.E. 1.) Presently pending before the Court are the parties' cross-motions for judgment on the pleadings. (Pl. Mot., D.E. 9; Comm'r Mot., D.E. 13.) For the following reasons, Plaintiff's motion is GRANTED and the Commissioner's motion is DENIED.

BACKGROUND

The background is derived from the administrative record filed by the Commissioner on December 29, 2017. (R., D.E. 8.) For purposes of this Memorandum & Order, familiarity with the underlying administrative record is presumed. The Court's discussion of the evidence is limited to the challenges and responses raised in the parties' briefs.

Plaintiff filed an application for disability insurance benefits on December 18, 2013, alleging disability since January 30, 2010, due to physical conditions, anxiety, and depression. (R. 14, 64.) After Plaintiff's claim was denied, he requested a hearing before an administrative law judge ("ALJ"). The ALJ held a video hearing on June 17, 2016. (See R. 29-63.) On June 24, 2016, the ALJ issued a decision finding Plaintiff was not disabled during the relevant period. (R. 14-24.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 2-6.) This action followed.

I. The Record Evidence

Plaintiff worked as an airport operations duty manager from 1972 to 2010. (R. 169-70.) Plaintiff had earnings every year from 1971 to 2010. (R. 165-66.) He stopped working in 2010 due to back pain and mental-health related issues. (R. 20, 41-42.) Plaintiff became depressed and anxious after September 11,

2001. His office was in the World Trade Center. He had been working in one of the airports a 9/11 plane departed from. He tried to "forge[ ] through" but "at some point . . . it caught up to [him] . . . it just built up and built up, and [he] just couldn't go to work." (R. 48.) He could not "concentrate, or focus, or maintain attention[.]" (R. 48; see also R. 54.) The job he had "was a critical position where a mistake [ ] could cost someone their life." (R. 49.) From 2009 to 2010, he saw a psychologist for counseling. (R. 52.) The Port Authority told him he had to take leave and he had to see his own psychologist. (R. 52.) He started taking Xanax after 9/11, almost daily, but after a year or two, he was able to take it as needed, usually once or twice a week. (R. 53-54.) At the time of the hearing, he could not sleep, was "always afraid something's going to go wrong," and was "just nervous." (R. 53.)[1]

The Dictionary of Occupational Titles states that an "air transportation operations manager" is a "sedentary skilled occupation." (R. 23, 58.) At the hearing, the vocational expert testified that someone with Plaintiff's physical limitations would be able to perform his past relevant work as an operations manager. The expert further testified that someone who was limited to unskilled work duties would be unable to perform the job. (R. 23,

---

[1] As Plaintiff's physical impairments are not relevant to this appeal, they are not discussed here.

3

59.) The ALJ did not include any mental limitations in the hypotheticals posed to the expert.[2]

## DISCUSSION

If the Court finds that substantial evidence exists to support the Commissioner's decision, the decision will be upheld, even if evidence to the contrary exists. See Johnson v. Barnhart, 269 F. Supp. 2d 82, 84 (E.D.N.Y. 2003). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009).

Here, the ALJ applied the familiar five-step process, see 20 C.F.R. §§ 404.1520, 416.920, and found that Plaintiff had the residual functional capacity ("RFC") "to perform light work . . . except he is limited to frequent postural activity (e.g. Climbing, bending, stooping, crouching, crawling and kneeling) and frequent handling and fingering with the dominant right upper extremity. He must avoid concentrated exposure to workplace hazards such as open machinery and unprotected heights." (R. 19.) The RFC did not account for any mental limitations. The ALJ further concluded that based upon the record and the vocational

---

[2] The Court notes that the ALJ gave Plaintiff's attorney an opportunity to question the vocational expert. His attorney did not pose hypotheticals with mental limitations either. (See R. 58-61.)

4

expert's testimony, Plaintiff was able to perform his past relevant work as an operations manager. (R. 23.)

As relevant here, in evaluating a claimant with a mental impairment, the ALJ must apply a "special technique" commonly referred to as the "Psychiatric Technique" ("PRT"). 20 C.F.R. § 404.1520a. It requires the ALJ to assess how the mental impairment impacts four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 CFR § 404.1520a(c)(3-4). More generally, "[a]ssessment of [mental] functional limitations is a complex and highly individualized process that requires [the ALJ] to consider multiple issues and all relevant evidence to obtain a longitudinal picture of [the] overall degree of functional limitation." 20 C.F.R. § 404.1520a(c)(1).

Here, in formulating the RFC, the ALJ found that "[b]ecause the claimant's medically determinately mental impairment causes no more than 'mild' limitation in any of the first three functional areas and 'no' episodes of decompensation which have been of extended duration in the fourth area, it is nonsevere." (R. 18.)

Plaintiff argues that the ALJ's RFC finding is legally insufficient because it fails to account for his mental limitations. More specifically, he contends that any mental limitation, even a "mild" one, would "patently impact [his] ability

to perform his highly skilled past work . . . ." (Pl. Br., D.E. 10, at 8.) Plaintiff further argues that the ALJ used this flawed RFC in questioning the vocational expert, leading to the incorrect conclusion that he could perform his past relevant work as an operations manager. (Pl. Br. at 9, 12.) The Commissioner responds that "Plaintiff's mental impairment was not severe and, therefore Plaintiff did not have any mental functional limitations that needed to be included in the ALJ's RFC finding." (Comm'r Br., D.E. 14, at 11.)

The Commissioner contends that "mild [mental] limitations . . . generally indicate that an impairment is not severe and does not cause more than minimal limitations in Plaintiff's ability to perform basic mental work activities." (Comm'r Br. at 12.) Plaintiff's argument, however, is that his prior position required much more than "basic mental work activities." Rather, it required highly skilled tasks to be performed with focus, concentration, and ability. (Pl. Br. at 6.) Plaintiff states that any mental impairment would be critical to his ability to perform his past relevant work as an operations manager. (Pl. Reply Br., D.E. 16, at 2.)

The Commissioner's argument is flawed. An RFC must account for all of a claimant's limitations, "even those that are not severe." 20 CFR 404.1545(e); see also Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-

6

8P (S.S.A. July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be <u>critical</u> to the outcome of a claim." (emphasis added)). "[W]ith mental impairments of lesser severity, [inability to perform substantial gainful activity] must be demonstrated through a detailed assessment of the individual's capacity to perform and sustain mental activities which are <u>critical</u> to work performance." Titles II & XVI: Residual Functional Capacity for Mental Impairments, SSR 85-16 (S.S.A. 1985) (emphasis added). Thus, even if the ALJ found Plaintiff's mental impairments to be not severe for the reasons stated in the decision, the ALJ was still required to account for the limitations in the RFC.

Accordingly, the Court finds that the RFC was not supported by substantial evidence. Further, the conclusion that the Plaintiff could perform his past relevant work was not supported by substantial evidence. The vocational expert also did not opine on whether Plaintiff had transferable skills, or whether, with the record mental limitations, there were other jobs in the national economy that Plaintiff could perform. The matter is

7

REMANDED for further proceedings consistent with this Order.  In light of this finding, the Court need not address Plaintiff's contention that the ALJ did not properly credit his work and earnings history.  Plaintiff may address the issue on remand.

The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __16__, 2019
       Central Islip, New York